# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

STEPHEN N. BOLTON,

    Plaintiff,

v.

POLARIS INDUSTRIES, INC.

    Defendant.

: CIVIL ACTION NO.
: 1:09-CV-0691-RWS

## **ORDER**

This case comes before the Court on Plaintiff's First Motion to Compel Discovery [25] and Plaintiff's Motion for Oral Argument [35]. After a review of the record, the Court enters the following Order.

As an initial matter, the Court finds that the parties have adequately briefed the issues such that the Court has sufficient information with which to make a determination. Accordingly, Plaintiff's Motion for Oral Argument [35] is **DENIED**.

Plaintiff requests a Court order requiring Defendant to respond to its First Interrogatories and Requests For Production of Documents. (Exhibit A, Dkt. No. [25].) The Court finds that Defendant has supplemented its initial

responses such that many issues raised by Plaintiff are moot.  The Court shall address the remaining issues at this time.

First, the Court finds that while objecting to a perceived excessive number of interrogatories, Defendant still answered all of Plaintiff's interrogatories in its First Request.  Therefore, Plaintiff's request that Defendant further respond to Interrogatories 9-15 is denied.

Next, the Court finds improper Defendant's attempts to limit the scope of discovery to models or vehicles it has deemed substantially similar to the 2006 Polaris Ranger 500 EFI 4x4 utility vehicle at issue here.  The federal rules are loosely construed to permit discovery of any matter that is relevant and not protected by privileged.  Relevant information need not be admissible but rather "appear[] reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b).  The fact that Plaintiff must demonstrate a substantial similarity prior to introducing evidence of other vehicles *at trial*, does not render that information undiscoverable.  Plaintiff has demonstrated legitimate and relevant reasons for obtaining the information pertaining to other Polaris model vehicles.  Defendant is required to supplement its interrogatories

AO 72A
(Rev.8/82)

and requests for production accordingly and provide non-privileged information regarding the Polaris Ranger vehicles.

Additionally, Defendant's attempt to limit discovery to incidents, advertisements, warnings, design, procedures, studies, tests, and lawsuits pertaining exclusively to use on paved surfaces is further improper. Defendant contends that Plaintiff's use of the Polaris Ranger 500 EFI 4x4 utility vehicle on a paved road is a misuse of the product. Plaintiff argues that information regarding the use of the Polaris Ranger on both paved and unpaved surfaces is necessary in order to determine Defendant's notice as to an alleged hazard associated with the use of the vehicle. The Court finds that Defendant may not assert its defense as a basis for withholding otherwise relevant and non-privileged information. Accordingly, Defendant is directed to produce responsive non-privileged information regarding the use of Polaris Ranger vehicles on paved and unpaved surfaces.

In conclusion, Defendant is required to supplement its responses to Plaintiff's First Interrogatories and Requests for Production with requested information regarding all Polaris Rangers as well as use on paved and unpaved surfaces. Plaintiff's Motion to Compel is **GRANTED** as to these limited

3

issues. Other than as to the stated issues on which the Court has ruled, Plaintiff's motion is **DENIED**.

## Conclusion

Based on the foregoing, Plaintiff's First Motion to Compel Discovery [25] is **GRANTED in part and denied in part**. Plaintiff's Motion for Oral Argument [35] is **DENIED**.

**SO ORDERED** this __14th__ day of December, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)